c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRIPLE NICKEL FABRICATORS, L.L.C., Plaintiff | CIVIL ACTION NO. 1:23-CV-01103 |
| VERSUS | JUDGE DOUGHTY |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. YNO5234, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 13) filed by Plaintiff Triple Nickel Fabricators, L.L.C. ("Triple Nickel"). Triple Nickel seeks remand on the basis that removal was untimely. Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. YNO5234 ("Underwriters"), Peninsula Insurance Bureau, Inc. ("Peninsula"), and TechLoss Consulting & Restoration, Inc. ("TechLoss") (collectively, "Removing Defendants") oppose. ECF No. 18.

Because removal was timely filed within thirty days of receipt of Triple Nickel's July 18, 2023 discovery responses constituting "other paper," and less than one year after commencement of this action, Triple Nickel's Motion to Remand (ECF No. 13) should be DENIED.

I. **Background**

Triple Nickel filed a Petition for Damages ("Petition") in the Ninth Judicial District Court, Rapides Parish, Louisiana against Removing Defendants, as well

Brown Claim Management, L.L.C. ("Brown") and Machine-Tech Services ("Machine Tech") (collectively, "Defendants"). ECF No. 1-7.

Triple Nickel manufactures welded products in Boyce, Louisiana. *Id.* at 3. It uses certain welding machines and welding booths located at that property. *Id.* On or about August 27, 2020 during Hurricane Laura, Triple Nickel alleges it suffered property damage to the Boyce property, including to eight welding booths and units manufactured by Lincoln Electric Company ("Lincoln"). *Id.* Triple Nickel claims the Boyce property was damaged and that all ten welding booths and units suffered water damages resulting from rainfall after the building suffered structural damage. *Id.*

Underwriters issued Policy Number YNO5234 to Triple Nickel for the period of February 14, 2020 through February 14, 2021. *Id.* Triple Nickel claims it consulted with Lincoln regarding the welding machines and booths. *Id.* Lincoln issued a letter dated November 4, 2020 to Triple Nickel recommending replacement of the equipment. *Id.* Lincoln stated that the electronical components should be considered unrepairable, and that damage by water immersion is not covered under their warranty. *Id.* at 3-4. Thus, Triple Nickel made an insurance claim to Underwriters for the damages. *Id.* at 4.

Underwriters retained Peninsula to adjust the claims. *Id.* Peninsula retained Brown to assist. *Id.* Brown and/or Peninsula retained TechLoss to inspect the welding equipment. *Id.* And TechLoss retained Machine Tech to conduct the inspection. *Id.* at 5.

2

Triple Nickel alleges that, due to security issues, the welding machines were moved to the private property of Triple Nickel. *Id.* To facilitate the inspection, it moved the machines back to the Boyce property. *Id.* According to Triple Nickel, Machine Tech and TechLoss required electrical power to be installed for the machines for their inspection. *Id.* Due to Lincoln's warnings of potential electrocution, Triple Nickel required a waiver of liability when the machines were wired back to power. *Id.* Machine Tech executed the waiver for testing the equipment. *Id.*

On June 25, 2021, Machine Tech inspected the site and determined that only four of the ten welding booths were damaged. *Id.* Due to the waiver of liability, Machine Tech refused to test any of the welding equipment during inspection. *Id.* Machine Tech stated it would be a safety risk due to water damage/intrusion. *Id.* Triple Nickel alleges that Machine Tech's professional noted that the manufacturer's statement was appropriate, and that he did not need to plug in the machines to know they did not work. *Id.*

On July 27, 2021, Jennifer Frommer ("Frommer"), an adjuster for Peninsula, informed Triple Nickel that TechLoss had determined that four of the ten welding booths were confirmed to be damaged and that a check for $1,540 for the four damaged booths would be forthcoming. *Id.* at 6. Frommer also stated in her email that the investigation had not been completed and later asked for another inspection. *Id.* On July 29, Triple Nickel provided the waiver for another inspection on August 3, 2021. *Id.* However, Triple Nickel alleges no Defendants appeared. *Id.*

3

Triple Nickel states Peninsula and Brown initially rejected the waiver, asserting Triple Nickel was in breach of the insurance contract. *Id.* On September 24, 2021, Peninsula signed the waiver on behalf of Underwriters and the inspection occurred on October 7, 2021. *Id.* Triple Nickel alleges that Machine Tech indicated during the inspection that the machines would be considered a loss. *Id.* at 7.

Triple Nickel received an email from Frommer on November 18, 2021, stating that TechLoss reported there were no issues with two welding machines that were tested. *Id.* On behalf of Underwriters, Peninsula denied the claim. *Id.* Peninsula summarized their findings in a denial dated December 23, 2021. *Id.* Thus, Triple Nickel alleged a cause of action against Underwriters for contract and statutory violations under the Louisiana Insurance Code. *Id.* Triple Nickel asserted a cause of action against Peninsula and TechLoss for claims of negligence. *Id.* Triple Nickel alleged claims of negligence and failure to properly adjust against MachineTech and Brown. *Id.*

All Defendants, except MachineTech, filed an Answer in the state court action. ECF No. 1-7. Upon receipt of Triple Nickel's discovery responses on July 18, 2023, Removing Defendants filed a Notice of Removal, asserting diversity jurisdiction over the properly joined defendants. ECF No. 1 at 11. Removing Defendants assert that the jurisdictional threshold was not apparent until receipt of "other paper" establishing the claim was for more than $75,000. Removing Defendants further assert removal is timely as it was within thirty days of receipt of "other paper" and was filed less than one year after commencement of the action. *Id.*

4

Triple Nickel now seeks remand, based on the alleged untimeliness of removal. ECF No. 13. Removing Defendants oppose. ECF No. 18.

II. Law and Analysis

    A. Remand is required where a court lacks subject matter jurisdiction.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." *Id.*

Here, the parties agree that the sole issue before the Court is whether removal was timely.[1] ECF Nos. 19 at 1.

---

[1] Triple Nickel concedes that Brown and Machine Tech were improperly joined and that there is no right or cause of action against them. ECF No. 13-2 at 4. Thus, Triple Nickel's claims against Brown and Machine Tech should be DISMISSSED WITHOUT PREJUDICE. Triple Nickel suggests that under that same logic, Peninsula and TechLoss are improperly joined, and that Underwriters is ultimately responsible. *Id.* Regardless, Peninsula and TechLoss are diverse Defendants, and their presence as properly joined parties is not at issue here.

### B. Removal was timely.

Triple Nickel argues that Removing Defendants were aware that the amount in controversy exceeded $75,000 on December 2, 2022, when they received evidence of Triple Nickel's lost business revenue. ECF Nos. 19 at 2, 19-1. Triple Nickel argues the clock for removal should have been triggered by those initial disclosures, at the latest. ECF No. 19 at 2. Thus, Triple Nickel disputes Removing Defendants assertion that receipt of discovery responses constituted "other paper" triggering the 30-day removal period. *Id.*

Removing Defendants contend that the initial disclosures with a demand for policy limits for the applicable Lloyd's of London insurance policy was not a specific damage figure and gave no indication as to the amount of damages exceeding $75,000 as to each Defendant. ECF No. 18 at 7. Removing Defendants argue that TechLoss and Peninsular are not parties to the Lloyd's policy, and that neither the Petition nor disclosures indicate that TechLoss and Peninsula were solidarily liable for the policy. *Id.* And they assert that they sought clarification through discovery of how the "policy limits" damages would be computed for the non-insurer Defendants. *Id.*

---

ECF No. 18 at 3-4. Triple Nickel is a limited liability company whose sole member is a citizen of Louisiana. ECF No. 1 at 2. Underwriters is a foreign citizen, as it is organized under the laws of England, and maintains its principal place of business in England. *Id.* Peninsula is a Florida citizen. *Id.* at 3. And TechLoss is a citizen of Illinois. *Id.* Thus, there is complete diversity between Triple Nickel and the properly joined Defendants. *Id.*

Additionally, it is undisputed that the amount in controversy is greater than the jurisdictional threshold. But again, the only question is whether Removing Defendants timely removed within thirty days once it was unequivocally clear that the damages claimed exceeded the threshold.

6

Removing Defendants claim that with receipt of Triple Nickel's July 18, 2023 discovery responses, Removing Defendants became aware that the specific damages figures exceeded the jurisdictional minimum as to all diverse Defendants and that Triple Nickel claimed Peninsula and TechLoss were solidarily liable with Underwriters. *Id.* at 8. It is undisputed that Removing Defendants removed within 30 days of receipt of Triple Nickel's response to interrogatories and within one year of the commencement of the action. *Id.* The only dispute here is as to when Removing Defendants became aware that the amount in controversy exceeds $75,000. *Id.*

The federal removal statute permits a defendant to remove any civil action filed in state court to federal court where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1).

Louisiana law precludes plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Accordingly, when a lawsuit is removed to federal court based on diversity jurisdiction, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (stating same but prior to change of jurisdictional amount in § 1332). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially

7

apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

"The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x. 859, 862 (5th Cir. 2010)). If the removing defendant carries its burden, however, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed the jurisdictional amount. *See De Aguilar*, 47 F.3d at 1409, 1411.

If a specific amount of damages is necessary to establish, among other things, the federal courts' lack of jurisdiction due to insufficiency of damages, Louisiana law requires the party filing a state-court petition to include a general allegation that the claims exceed or are less than the requisite amount. La. Code Civ. P. art. 893(A)(1); *see Mumfrey*, 719 F.3d at 399 (requiring an affirmative allegation to trigger the thirty-day period to run from defendant's receipt of the initial pleading). The Petition does not include such an allegation. ECF Nos. 1 at 7.

Here, it appears undisputed that the initial Petition did not unequivocally show that damages exceeded $75,000. As such, the initial pleading did not trigger the 30-day deadline to remove. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013). Thus, Removing Defendants' basis for timely removal was based upon receipt of "other paper." ECF No. 1.

When the "case stated by the initial pleading" does not provide grounds for removal, a defendant must file a notice of removal in the district court within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3).

However, the Fifth Circuit has indicated that generally "the 'other paper' conversion requires a *voluntary act by the plaintiff.*" *S.W.S. Erectors, Inc.*, 72 F.3d 489, 494 (5th Cir. 2021) (citation omitted) (emphasis in original). This "other paper" must be "'unequivocally clear and certain' to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted). And a defendant's subjective knowledge cannot convert a case into a removable action. *Id.* (citation omitted).

Here, Removing Defendants argue the 30-day removal was triggered by receipt of "other paper" – Triple Nickel's responses to interrogatories. And they assert that the initial disclosures did not "clearly and unequivocally" specify that the threshold was met. ECF Nos. 1, 18 at 4. Triple Nickel contends, however, that removal was untimely because their initial disclosures demonstrated that the amount in controversy exceeded $75,000. ECF No. 13-2 at 3.

Generally, the amount in controversy threshold must be met as to a plaintiff's claims against each defendant, not their aggregate. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). Where a plaintiff pleads separate and distinct claims against more than one defendant, "the test of jurisdiction is the amount of each claim, and not their aggregate." *Id.* Claims by a single plaintiff against multiple

9

defendants can be aggregated only if the defendants are jointly liable to the plaintiff, such as two insurers who separately insured against the same risk. *Id.*[2] "If the defendants are severally or separately liable, the plaintiff must satisfy the amount in controversy requirement against each individual defendant." *Costello v. Capital One NA*, No. 07-CV-1937, 2008 WL 1766983, at *2 (W.D. La. Mar. 4, 2008).

Triple Nickel alleges a cause of action against Underwriters based on an insurance contract and statutory violations under the Louisiana Insurance Code. ECF Nos. 1 at 7, 1-1-7 at 7. Triple Nickel alleges negligence claims against Peninsula and TechLoss. ECF Nos. 1 at 7, 1-7 at 8. However, the Petition does not allege joint liability. ECF No. 1-7. The parties agree that it could be derived from the Petition that Triple Nickel's claims against Underwriters were likely in excess of $75,000. But the Petition also alleges claims against multiple defendants, and does not aver joint or solidary liability. And there was no averment as to the damages exceeding the jurisdictional threshold as to Peninsula and Techloss. Thus, the amount in controversy as to each Defendant was not "facially apparent." ECF No. 1 at 9, 1-7.

Removing Defendants then received Triple Nickel's initial disclosures on December 2, 2022. ECF Nos. 1 at 9, 1-2. Triple Nickel stated in its disclosures that it is seeking the Underwriters' policy limits. ECF No. 1-2 at 3. Underwriters admits

---

[2] Still, Louisiana law provides that a joint tortfeasor is not liable for more than his degree of fault and is not solidarily liable with any other person for damages attributable to the fault of that other person. *Jackson v. Wilson*, 20-CV-0238, 2020 WL 2461899, at *2 (W.D. La. Mar. 5, 2020), *report and recommendation adopted*, 20-CV-0238, 2020 WL 2404910 (W.D. La. May 12, 2020) (citing *Dumas v. State ex rel. Department of Culture, Recreation & Tourism*, 828 So.2d 530, 537 (La. 2002)) .

the policy limits exceed the jurisdictional limit for removal. ECF No. 1 at 10. However, again, it remained unclear what damages Triple Nickel sought from non-insurer Defendants Peninsula and TechLoss, who were undisputedly not parties to the insurance contract.[3] *Id.* Thus, Removing Defendants emailed Triple Nickel multiple times seeking the damages claimed as to each Defendant. ECF Nos. 1 at 10, 1-4. On December 13, 2022, Triple Nickel's counsel stated he was still working on the calculation. *Id.*

Having no answers after emailing again on February 14, 2023, Removing Defendants propounded interrogatories on April 21, 2023, requesting the monetary damages sought against Peninsula and TechLoss. ECF Nos. 1 at 10, 1-4, 1-5. On July 18, 2023, Removing Defendants received Triple Nickel's interrogatory responses which stated that TechLoss and Peninsula are "solidarily liable with Underwriters," or alternatively, that it seeks $250,000 against TechLoss and $250,000 against Peninsula. ECF Nos. 1 at 10-11, 1-6 at 2-3. Removing Defendants removed on August 17, 2023, less than thirty days after receipt of Triple Nickel's July 18, 2023 discovery responses. ECF No. 1.

Thus, Removing Defendants' removal, filed within thirty days of its receipt of Triple Nickel's July 18, 2023 discovery responses which clearly and unequivocally

---

[3] Triple Nickel appears to attempt to circumvent the presence of diverse Defendants Peninsula and TechLoss for the purpose of determining the amount in controversy as to each Defendant, by now arguing that Defendants could claim Peninsula and TechLoss were improperly joined and that the $75,000 policy limits claimed as to Underwriters triggered removal. ECF No. 13-2 at 4. However, the Court cannot disregard the presence of diverse defendants in determining whether the amount in controversy has been met as to each Defendant.

started the time limit for removal. And removal was filed less than one year after commencement of this action on August 19, 2022. ECF Nos. 1, 1-7. Removal was therefore timely.

### III.   Conclusion

Because removal was timely filed within thirty days of receipt of Triple Nickel's July 18, 2023 discovery responses constituting "other paper" and less than one year after commencement of this action,

IT IS RECOMMENDED that Triple Nickel's Motion to Remand (ECF No. 13) be DENIED.

IT IS FURTHER RECOMMENDED that Triple Nickel's claims against Brown and Machine Tech be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 18th day of April 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE